

# THE ATTORNEY GENERAL

## OF TEXAS

PRICE DANIEL
ATTORNEY GENERAL

AUSTIN, TEXAS

December 13, 1949

Hon. B. B. Sapp
Executive Director
Teacher Retirement
System of Texas
Austin, Texas

Opinion No. V-963.

Re: Authority of Board of
Trustees of Teacher Re-
tirement System to pro-
mulgate submitted rules
and regulations for ad-
ministration of S.B.
438, 51st Leg.

Dear Mrs. Sapp:

We refer to your letter requesting this office
to consider rules and regulations devised for the admin-
istration of Senate Bill No. 438, Acts 51st Legislature,
1949, and to determine their validity in the light of
that law, the Teacher Retirement System Act, and the Em-
ployees Retirement Act.

Sections 1 and 2 of Senate Bill 438, provide:

"Section 1. Effective September 1, 1949,
any person who is a member of either the Teach-
er Retirement System of Texas under the provi-
sions of Chapter 470, Acts, Regular Session,
45th Legislature, (1937), as amended, or the
Employees Retirement System of Texas under the
provisions of Chapter 352, Acts, Regular Ses-
sion, 50th Legislature, (1947), as amended,
and if such person had also been a member of
said System for a period of two (2) years prior
to September 1, 1949, and/or if any person be-
came a member of either System after September
1, 1947, but before September 1, 1949, and con-
tinued in such employment for a period of five
(5) consecutive years, then <u>such member shall
be entitled to receive credit and resulting
benefits for any and all prior service credit-
able as prior service for employment under the
provisions of either of said Acts</u> and the re-
spective Boards of Trustees are hereby instruct-
ed to review the prior service of the employees
who were members on September 1, 1949, under
either Act to permit said members to claim such
additional prior service as provided herein and

to include same in the prior service certificates to be issued; or if a prior service certificate has been issued, to adjust and effect an amended prior service certificate after such additional prior service claimed has been properly verified as provided in the provisions of the two Retirement Acts.

"Sec. 2. In the event a member of one of said Retirement Systems shall terminate his employment and within five (5) years return to employment in a position requiring his membership in the other Retirement System, such member shall be entitled to retain his prior service and accumulated membership service credited to him under the first System and the total accumulated creditable service will be eligible for joint retirement under both Systems as provided herein. Provided, however, this shall not apply to any teacher or State employee who has withdrawn his accumulated contributions in either system." (Emphasis added)

Article III, Section 48a, Constitution of Texas, provides in part:

"In addition to the powers given the Legislature, under Section 48 of Article 3, it shall have the right to levy taxes to provide a Retirement Fund for persons employed in public schools, colleges and universities, supported wholly or partly by the State; . . . provided no person shall be eligible for a pension under this Amendment who has not taught twenty years in the State of Texas but shall be entitled to a refund of the moneys paid into the fund.

". . . and provided that the recipients of such retirement fund shall not be eligible for any other pension retirement funds or direct aid from the State, unless such retirement fund, contributed by the State, is released to the State of Texas as a condition to receiving such other pension aid." (Emphasis added)

Article XVI, Section 62a, Constitution of

Texas, provides in part:

"The Legislature shall have the right to levy taxes to provide a Retirement Disability and Death Compensation Fund for the appointive officers and employees of the State; . . .

". . . and provided that the <u>recipients of benefits from said Fund shall not be eligible for any other pension retirement funds or direct aid from the State of Texas</u>, unless the Fund, the creation of which is provided for herein, contributed by the State, is released to the State of Texas as a condition to receiving such other pension aid." (Emphasis added)

The Constitution provides that the recipients of Teacher Retirement Funds shall not be eligible for any other pension retirement funds from the State of Texas. It provides likewise with respect to recipients of Employees Retirement Funds. Both the Teacher Retirement and the Employees Retirement Funds are pension retirement funds of the State of Texas. These constitutional provisions preclude, in our opinion, the use of both funds in the payment of a "joint" retirement pension as proposed in Senate Bill No. 438.

The purpose of Senate Bill 438, as reflected in these quoted provisions, is to allow persons eligible for retirement under its provisions, the Teacher Retirement Act (Art.2922-1, V.C.S., as amended) and the Employees Retirement Act (Art.6228a, as amended) to become recipients of retirement funds from both the Teacher Retirement System and the Employees Retirement System. The other provisions of Senate Bill 438 are designed for the accomplishment of the same purpose. Under the proposed rules submitted by you "each beneficiary under joint retirement will receive monthly annuity payments from each System."

The whole spirit and purpose of Senate Bill No. 438 being in direct conflict with the quoted Constitutional Amendments, the Bill is unconstitutional and for that reason unenforceable.

In one other respect Senate Bill 438 is unconstitutional. Section 4 of the Bill would allow accumulation of creditable service of both Systems (the Teacher

System and the Employees System) for the purpose of arriving at twenty years of joint creditable service, thereby entitling one to retire under the reciprocal retirement provisions of Senate Bill 438. This section violates that part of the Constitution concerning the Teacher Retirement System which states that "no person shall be eligible for a pension under this Amendment who has not taught twenty years in the State of Texas." Despite the severability clause in Senate Bill ~~37~~, we think the Legislature would not have passed the Bill if its full reciprocity benefits could not be realized by both those persons covered by the Teacher Retirement law and those covered by the Employees Retirement law.

It is pertinent also to note that the Teacher Retirement Amendment and the Teacher Retirement Act, Art. 2922-1, V.C.S., has been before the courts of this State on one occasion. In Woods v. Reilly, 147 Tex. 586, 218 S.W.2d 437 (1949), the court stated:

> "At the outset it should be stated that the plain intent of the Constitutional Amendment, and the Act giving it life, was to provide security for teachers and create an incentive to encourage qualified persons to become and remain teachers in the public schools of Texas . . ."

It is obvious that the quoted language would apply as well to the Employees Retirement Act, Art. 6228a, V.C.S.; that the plain intent of the Employees Retirement Constitutional Amendment, and the Act giving it life, was to provide security for State employees covered thereby and create an incentive to encourage qualified persons to become and remain State employees. To construe Senate Bill ~~37~~ as constitutional would be to defeat such plain intents and purposes of both the Teacher and Employees Amendments and the Acts giving them life.

In view of our above holding, we pretermit discussion concerning the rules and regulations submitted for our approval.

## SUMMARY

Senate Bill No.438, Acts 51st Legislature, 1949, providing a joint retirement

program financed by funds from both the
Teacher Retirement and Employees Retire-
ment Funds is unconstitutional in that it
violates the Teacher Retirement and Employees
Retirement Fund provisions and purposes of
Article III, Section 48a, and Article XVI,
Section 62a, Constitution of Texas.

Yours very truly,

ATTORNEY GENERAL OF TEXAS

CEO:mw

By *Chester E. Ollison*

Chester E. Ollison
Assistant

APPROVED

*Price Daniel*
ATTORNEY GENERAL